

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

May 18, 2018

Barbara A. Gross
212.471.4486 direct
212.583.9600 main
646.219.4115 fax
bgross@littler.com

**VIA ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Jane Doe v. St. John's University et al.*, Case. No.: 18-cv-1733 (PKC)

Dear Judge Chen:

This firm represents Defendants St. John's University ("SJU") and Jackie Lochrie (collectively, "Defendants") in the above-referenced matter. We write pursuant to Your Honor's Individual Practices to respectfully request a pre-motion conference, in advance of Defendants' anticipated motion to dismiss. Jane Doe ("Plaintiff"), a former student at SJU, alleges that Defendants discriminated against her based on her sex in violation of Title IX and her gender and sexual orientation in violation of the New York City Human Rights Law ("NYCHRL"). She also alleges that Defendants breached a contract with her. Specifically, Plaintiff argues that Defendants discriminated against her because they chose not to investigate an incident reported to SJU security against Plaintiff (alleging sexual misconduct) by her former roommates, and because SJU did not investigate her own alleged complaint of discrimination (Compl. ¶¶ 56-61, 91-100). As summarized herein, Plaintiff's allegations are meritless and should be dismissed.

## I.   Plaintiff's Title IX Claim

Plaintiff's allegations under Title IX must fail because she lacks standing. To have standing, "Plaintiff cannot rely on past injury and must show a likelihood that she will be injured in the future." *Pungitore v. Barbera*, 2012 U.S. Dist. LEXIS 98730, at *6-7 (S.D.N.Y. Mar. 29, 2012). In the instant matter, Plaintiff has not alleged how (1) SJU's failure to investigate the incident report, or (2) her own discrimination complaint, are currently injuring her or will injure her in the future, as she does not currently attend SJU, nor is she being deprived of an education (Comp. ¶ 78). *Barbera*, 2012 U.S. Dist. LEXIS 98730 at *6-7 (determining that plaintiff did not have standing to pursue injunctive relief because she could not show "either present or future injury").

Her claims must also be dismissed under Rule 12(b)(6), as she has not pled "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" is insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

The Honorable Pamela K. Chen
May 18, 2018
Page 2

First, Plaintiff's allegations that she was denied due process and the opportunity to rebut the contents of the incident report, although a male student would have been permitted to do so (Compl. ¶¶ 92-93, 99), are conclusory and unsupported by any facts.[1] As such, this claim cannot stand. *Manalov v. Borough of Manhattan Cmty. College*, 952 F. Supp.2d 522, 527 (S.D.N.Y. Feb. 26, 2013) ("Plaintiff's conclusory allegations that *inter alia*, his professors 'blatantly discriminated against all white males,' and that 'he felt the hostility of his professors towards him because of his sex,' are insufficient to allege a cause of action.")

Second, Plaintiff's alleged concern regarding her "good name and reputation" (Compl. ¶ 92) is insufficient to maintain a cause of action. *Doe v. Distefano*, 2018 U.S. Dist. LEXIS 76268, at *10 (D. Co. May 7, 2018) ("Harm to reputation alone is not the sort of harm that supports a procedural due process claim."). Furthermore, Plaintiff's concern about potential future harm to her because of the continued existence of the incident report is speculative and not ripe for action. *See e.g. Peloe v. Univ. of Cincinnati*, 2015 U.S. Dist. LEXIS 19776, at *35-38 (S.D. Oh. Feb. 19, 2015) ("the Title IX claim is not ripe because it involves contingent events that might not occur as [plaintiff] anticipates").

Third, Plaintiff's claims that Defendants failed to investigate the incident reported against her, as well as the complaint she alleges she made to the University, must be dismissed because she has not pled with particularity that Defendants acted in a deliberately indifferent manner or that the University did so based on her gender. Despite using the term "deliberately indifferent" in her Complaint (Compl. ¶ 109), Plaintiff has not adequately pled how Defendants were deliberately indifferent, *e.g.*, how Defendants' "own deliberate indifference effectively 'caused' the discrimination" or how the "actionable harassment continued to occur after the appropriate school official gained actual knowledge of the harassment." *Elgamil v. Syracuse Univ.*, 2000 U.S. Dist. LEXIS 12598, at *25-27 (N.D.N.Y. Aug. 22, 2000). *See also Doe v. Case W. Reserve Univ.*, 2015 U.S. Dist. LEXIS 123680, at *16-18 (N.D. Oh. Sep. 16, 2015) ("Further, to state a claim for relief under Title IX's deliberate indifference standard, Plaintiff is required to make factual allegations that support an inference that CWRU's refusal to rectify procedural defects was motivated by sex-based discrimination. Plaintiff's conclusory statement that 'CWRU's deliberate indifference was motivated by Plaintiff's gender' does not meet this pleading standard.") (citations omitted).

Plaintiff also vaguely asserts that SJU retaliated against her by not investigating her alleged discrimination complaint and by allowing the incident report to remain on file (Compl. ¶¶ 111, 118). Plaintiff's retaliation claim must also be dismissed because she has not sufficiently pled any adverse action. *See e.g. Williams v. Columbia Univ.*, 2012 U.S. Dist. LEXIS 130358, at *8 (S.D.N.Y. Aug. 28, 2012) (granting motion to dismiss and noting that "Williams's Title IX claim

---

[1] After the incident report was filed with the Department of Public Safety, a "No Contact Order" was issued to Plaintiff (Compl. ¶ 43) which instructed her "to refrain from all contact with [her former roommates]" (*Id.* ¶ 47). Despite the order being dropped against Plaintiff (*Id.* ¶ 66), she continues to allege that Defendants denied her the opportunity to "challenge and/or rebut the accusations of sexual misconduct made against her" (*Id.* ¶ 92) and asserts (in wholly conclusory fashion) that Defendants would provide a "male student" the opportunity to do so (*Id*).

The Honorable Pamela K. Chen
May 18, 2018
Page 3

– which hinges on Columbia's purported retaliatory failures to investigate her complaints – fails because she does not allege adverse action.").

## II. Plaintiff's NYCHRL Claim

Initially, should Plaintiff's Title IX claims be dismissed, her NYCHRL and breach of contract claims should be dismissed for lack of jurisdiction. *See Manalov*, 952 F. Supp.2d at 527.

Like her Title IX claim, Plaintiff's NYCHRL claim is also subject to dismissal. Plaintiff's allegations that Defendants discriminated against her on account of her gender and sexual orientation (Compl. ¶¶ 114-118) are wholly conclusory and insufficient to maintain a cause of action. *Falu v. Seward & Kissel, LLP,* 2010 N.Y. Misc. LEXIS 2562 at *5-9 (Sup. Ct. N.Y. Cnty. Mar. 9, 2010) (dismissing NYCHRL claims based on conclusory allegations).[2]

## III. Plaintiff's breach of contract claim

To state a breach of contract claim, Plaintiff must allege: the existence of a contract; performance; breach of the contract; and damages. *Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 652 (S.D.N.Y. 2000). In support of this claim, Plaintiff alleges only that SJU "failed to ensure that [its non-discrimination] policies were enforced", "violated its own internal policy by ignoring [a] mediation requirement", and failed to investigate her complaint, (Compl. ¶¶ 122-126). These allegations fail to adequately plead the elements of a breach of contract claim, as Plaintiff has not provided any details as to the terms of any contract, when or how such contract was breached or how the policies allegedly violated imposed contractual obligations. *Ward v. New York Univ.*, 2000 U.S. Dist. LEXIS 14067, at *11-12 (S.D.N.Y. Sep. 25, 2000) ("virtually all of the promised services that [plaintiff] cites, are broad pronouncements of the University's compliance with existing anti-discrimination laws, promising equitable treatment of all students...they cannot form the basis for a breach of contract claim").

For the above-stated reasons, Defendants respectfully request a pre-motion conference to discuss their intention to file a motion to dismiss.

Respectfully submitted,

/s/ *Barbara A. Gross*

Barbara A. Gross

cc:   Allegra L. Fishel (via ECF)

---

[2] Furthermore, Plaintiff's NYCHRL claim may also be subject to dismissal on the grounds that the statute's public accommodation exemption applies to SJU. *See e.g.* NYCHRL § 8-102(9).